UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise**

Case No. **4:24-bk-10245**

# AMENDED
# Arkansas Chapter 13 Plan
(Local Form 13-1)

---

Original Plan ☐     Amended Plan ■     **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
**2.1, 2.2, 3.1, 3.2, 3.4, 3.5, 6.1**

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
**Debtors decided to surrender assets they initially wanted to keep**

The Amended Plan is filed:   ■ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

■ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise**                                                   Case No. **4:24-bk-10245**

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1    The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Amended plan:** Plan payments will change to $**1,417.00** per month beginning on the later of the date of filing of the amended plan or ____. The plan length is **60** months.
   The following provision will apply if completed:

   Plan payments will change to $ **1,677.00**   per month beginning on   **6/1/2025**   .

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Payments shall be made from future income in the following manner:**

   Name of debtor  **Dennis Andrew Wise**
   ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

   ■ Employer Withholding of $**163.50** per pay period.

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ■ weekly, ☐ Other
      If other, please specify:____
      Employer name:         **Arrow Plumbing**
      Address:               **4007 McArthur Dr.**
                             **North Little Rock, AR 72118**
      Phone:

   Name of debtor **Jennifer Ellen Wise**

   ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

   ■ Employer Withholding of $**327.00** per pay period.

      Payment frequency: ☐ monthly, ☐ semi-monthly, ■ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
      Employer name:         **Conway Regional- Vilonia**
      Address:               **1159 Main St.**
                             **Vilonia, AR 72173**
      Phone:

**2.3** **Income tax refunds.**

*Check one.*
◼ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4** **Additional payments.**

*Check one.*
◼ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1** **Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

◼ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Performance Finance 1998 | 2020 Polaris Sportsman 450 Location: 12 Wise Ln., Vilonia AR 72173 | 20.00 | ◼ Preconfirmation<br>☐ Postconfirmation |

**3.2** **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

◼ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise**  Case No. **4:24-bk-10245**

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| 21st Mortgage Corporation 6771 | 12 Wise Ln. Vilonia, AR 72173 Faulkner County Debtors' home - mobile home and 1.13 acres | 1,045.83 | ☐ Debtor(s)<br>■ Trustee | 4,227.64 | 70.46 | 0.00% |

3.3  **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4  **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

■ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| Performance Finance 1998 | 2020 Polaris Sportsman 450 Location: 12 Wise Ln., Vilonia AR 72173 | 9/18/2020 | 3,045.30 | 2,000.00 | 10.50% | 42.99 | 1,045.30 |

**3.5**   **Surrender of collateral.**

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

■ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| Hyundai Motor Finance 5278 | 2023 Hyundai Palisade SEL AWD 4500 miles VIN: KM8R4DGE6PU639762 Location: 12 Wise Ln., Vilonia AR 72173 |
| Medallion Bank 7499 | 2021 Puma Camper Location: 12 Wise Ln., Vilonia AR 72173 |

**3.6**   **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**   **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**   **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

|   |   |
|---|---|
| Amount paid to attorney prior to filing: | $ **879.00** |
| Amount to be paid by the Trustee: | $ **3,975.50** |
| Total fee requested: | $ **4,750.00 + $104.50 (noticing costs)** |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise**                                              Case No. **4:24-bk-10245**

The initial fee and percentage rate requested in the application are $__**1,500.00**__ and __**25.00**__%, respectively.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| Arkansas Department of Finance | Taxes | 678.88, or as allowed by the Court |

| Internal Revenue Service | Estimated Taxes per IRS (Debtors dispute) | 14,293.90, or as allowed by the Court |
|---|---|---|

**4.5**    **Domestic support obligations.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

# Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims.**

Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other. Please specify ____

**5.2**    **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

# Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**    **Executory Contracts and Unexpired Leases.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise** Case No. **4:24-bk-10245**

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.

■ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Ron's Portable Buildings | Portable Building, $4,108.80 remaining balance; $256.80 per month. | ■ Debtor(s) ☐ Trustee | 256.80 | 16 | 0.00 | 0.00 |

☐ **Rejected items**. The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| -NONE- | |

**6.2** **Sale of assets.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3** **Claims not to be paid by the trustee.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4** **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

■ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation.

Debtor(s) **Dennis Andrew Wise**
**Jennifer Ellen Wise**                                        Case No. **4:24-bk-10245**

■ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

**/s/ John A. Flynn**                                          Date **February 28, 2024**
**John A. Flynn**
**Signature of Attorney for Debtor(s)**

**/s/ Dennis Andrew Wise**                                     Date **February 28, 2024**
**Dennis Andrew Wise**
**/s/ Jennifer Ellen Wise**                                    Date **February 28, 2024**
**Jennifer Ellen Wise**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan filed has been served by CM/ECF to the Chapter 13 Standing Trustee; Patricia Stanley, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on February 28, 2024:

Department of Finance and Administration
Legal Division
P.O. Box 1272
Little Rock, AR  72203

Department of Workforce Services
Legal Division
P.O. Box 2981
Little Rock, AR  72203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

U.S. Attorney, Eastern District
P.O. Box 1229
Little Rock, AR 72202

And to all creditors whose names and address are set forth on the following page(s) (matrices).

The undersigned further certifies that a true and correct copy of the attached Chapter 13 Plan that requests a valuation determination pursuant to Section 3.4 was served by U.S. Mail, postage prepaid, to the following as noted:

Performance Finance
Attn: President
P.O. Box 17879
Reno, NV  89511
*(via First Class U.S. Mail)*

/s/ John A. Flynn
John A. Flynn, #99217
FLYNN LAW FIRM
P.O. Box 1344
Cabot, AR  72023-1344
Tel. (501) 843-8886
Fax: (501) 843-8887
flynnbankruptcy@gmail.com

Dept. of Finance & Admin.
Legal Division
P.O. Box 1272
Little Rock, AR 72203

U.S. Attorney Eastern District
P.O. Box 1229
Little Rock, AR 72203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Dept. of Workforce Services
Legal Division
P.O. Box 2981
Little Rock, AR 72203

21st Mortgage Corporation
PO Box 477
Knoxville, TN 37901

Affirm
30 Isabella St.
Floor 4
Pittsburgh, PA 15212

Arkansas Department of Finance
Revenue Legal Counsel
P.O. Box 1272
Room 2380
Little Rock, AR 72203

Arkansas Pathology Associates
PO Box 3380
Little Rock, AR 72203-3380

Avant
222 N. LaSalle St, Ste 1700
Chicago, IL 60601

Capital One
P.O. Box 30281
Salt Lake City, UT 84130

Capital One, N.A.
c/o American Infosource
P.O. Box 54529
Oklahoma City, OK 73154

CHI St. Vincent
PO Box 1259
Dept 141529
Oaks, PA 19456

Comenity Bank
PO Box 182273
Columbus, OH 43218-2273

Conway Family Dental
550 Chestnut St.
Conway, AR 72032

Conway Regional
PO Box 9662
Conway, AR 72033

Conway Regional Medical Center
ATTN: Business Office
P.O. Box 10610
Conway, AR 72034

Credit One Bank
PO Box 98875
Las Vegas, NV 89193

Hyundai Motor Finance
PO Box 20829
Fountain Valley, CA 92728

Indigo - Celtic Bank
PO Box 4499
Beaverton, OR 97076

Lincare Inc.
19387 Hwy 19 N
Clearwater, FL 33764-3102

Medallion Bank
Attn: President
PO Box 3999
Saint Joseph, MO 64503

Merrick Bank
PO Box 5721
Hicksville, NY 11802-5721

Mission Lane Tab Bank
PO Box 105286, SW #1340
Atlanta, GA 30348

NelNet
Ascendium Education Solutions
PO Box 8961
Madison, WI 53708-8961

Paypal
PO Box 960080
Orlando, FL 32896-0080

Performance Finance
c/o Wayfinder BK
PO Box 64090
Tucson, AZ 85728-4090

Performance Finance
Attn: President
P.O. Box 17879
Reno, NV 89511

Radiology Associates
P. O. Box 2252
Birmingham, AL 35246-0066

Ron's Portable Buildings
PO Box 233
Howe, OK 74940

Roy Denton
2513 McCain Blvd.
Suite 2 #377
North Little Rock, AR 72116

Southern Regional Anesthesio
500 S University Ave
Suite 500
Little Rock, AR 72205

St Vincent Heart Clinic
10100 Kanis Rd.
Little Rock, AR 72205

St. Vincent Medical
PO Box 23410
Little Rock, AR 72221

Synchrony Bank
Attn: Bankruptcy Dept.
PO Box 965060
Orlando, FL 32896-5060

Upstart Network, Inc.
PO Box 1931
Burlingame, CA 94011